Den *v.* Inslee.

[SEPTEMBER TERM, 1799.]

DEN *ex dem.* ROSSELL *against* INSLEE.

The defendant in ejectment will not be compelled to enter security for costs, on the ground that he had removed out of the state after entering into the common rule.

*Leake,* for the plaintiff, had moved, that the defendant might be ordered to enter security for costs in this ejectment.

In support of the motion, he contended, that the court always assumed a control over the action of ejectment, and in their discretion compelled the parties to conform to such terms as the circumstances of the case rendered it expedient or equitable to impose. Under the rule established in this court in November, 1794, if on the trial in ejectment the defendant shall refuse to confess lease, entry and ouster, he shall be compelled to pay costs. After these costs have been demanded and refused, the court will compel the payment of them by attachment. *Runnington on Eject.* 132–3. This was formerly confined to the Court of Common Pleas, but now, where the plaintiff is non-suited for the defendant's not confessing lease, entry and ouster, the plaintiff must proceed in the King's Bench, also, by attachment upon the consent rule. 2 *Tidd's Pr.* 905; 2 *Sellon's Pr.* 111; *Running.* 75. (See *Christian's note* 3, on *Bl. Com.* 205.) Lord Mansfield (3 *Bur.* 1295) declared, "that he had it at heart to have the practice upon ejectments clearly settled, upon large and liberal grounds for advancement of the remedy," and "that the great advantage of this fictitious mode of proceeding is, that being under the control of the court, it may be so modelled as to answer in the best manner every end of justice and convenience."

Den *v.* Inslee.

In this case, when the defendant was admitted to enter into the common rule, he was within the jurisdiction of this court, and amenable to the process of attachment; he has, since that time, removed into the state of New York, and there exists no power in the court to compel his compliance with the consent rule, or to punish his contumacy by enforcing the payment of costs. If the court has, in any case, a power to impose terms upon a party claiming a favor, it ought to be exercised here, because the plaintiff will otherwise be remediless.

*R. Stockton,* contra. There is no precedent to be found, either in the English books or our own practice, to authorize such a course. The defendant has a clear and unquestionable right, independent of any arbitrary rules of practice, to continue in the possession of his property until legally evicted by due course of law. With as much propriety might the defendant, in any other action, be called upon to enter security for costs; the plaintiff may have a legal right to demand them, and yet be without the means of enforcing that right. The action of ejectment is, it is true, completely under the control of the court, because being wholly a fictitious proceeding; unless the court did interpose its authority, any one might be ousted from his possession without any legal adjudication upon his title. No instance, however, has been or can be produced, in which courts have exercised such a power, and we solemnly protest against any such innovation, at this time of day, upon the established rules of proceeding.

KINSEY, C. J. It is clear that an ejectment is almost entirely a fictitious proceeding, introduced from views of general convenience, which courts have assumed the power of moulding, so as to answer the purposes of justice, and in order to prevent a fiction from working injustice to any one.

If the lessor of the plaintiff removes out of the jurisdiction of the court, after the commencement of the action, we

have compelled him to give security for costs. Such a case, however, is not within the terms of any act of assembly, but is founded upon this discretionary power, claimed and exercised by the court in this species of proceeding, to effectuate the objects of justice. It appears to me, that in order to attain the same ends, we have, and may exercise the same control over the defendant. We will not permit him to defend the suit, without entering into such terms as it has thought fit to establish in general cases; and when other circumstances arise, requiring a further exercise of our controling powers, I am at a loss to conceive upon what grounds we are to be restricted in so doing.

When the defendant entered into the rule he was a resident; we admitted him to make himself a party to the cause, because he undertook to pay costs, and we had the means of compelling a compliance with this undertaking. He has since removed beyond our jurisdiction and control, and the court not being able in any other manner than in the one suggested on the part of the plaintiff, to compel the defendant's compliance with his engagement, have a power in the fair exercise of their discretion to adopt that.

If any one applies to be made defendant in ejectment, against whom the court cannot enforce the payment of costs, it is clear to me, that he ought not to be admitted without giving security. If the same incapacity accrues afterwards, in consequence of his own voluntary act, it strikes me that the same course should be pursued. The object in the first instance is, to ensure the plaintiff from being exposed to unnecessary expense, and being unfairly dealt with; the same reasons applying with equal force in the latter case, seem to call for the same interposition of the court.

SMITH, J. concurred.

KIRKPATRICK, J. and BOUDINOT, J. being against it, *Leake* took nothing by his motion.